

FILED
CLERK, U.S. DISTRICT COURT
MAY 2 3 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GB INLAND PROPERTIES II, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TREVOR J. DAY, et al.,<br><br>　　　　Defendants. | Case No. CV 13-3348<br><br>(PROPOSED)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

　　The Court summarily remands this unlawful detainer action to state court because Defendant removed it improperly.

　　On May 10, 2013, Defendant Trevor J. Day, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal ("Notice") of the action to this Court with attached exhibits including a Complaint for Unlawful Detainer ("Notice Ex. A"), and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

　　Simply stated, Plaintiff GB Inland Properties, II, LLC could not have brought this action in federal court in the first instance, in that no basis for original

1  federal jurisdiction appears from the complaint, and the Notice of Removal does
2  not competently allege facts supporting either diversity or federal-question
3  jurisdiction; Therefore, removal is improper. 28 U.S.C. § 1441(a); see Exxon
4  Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 563 (2005). Specifically,
5  there does not appear to be complete diversity of the parties (*i.e.*, plaintiff and one
6  or more of the defendants appear to be citizens of the same state, California). See
7  Caterpillar Inc. v. Lewis, 519 U.S. 61, 67-68 (1996) (federal diversity jurisdiction
8  applies only to cases in which the citizenship of each plaintiff is diverse from the
9  citizenship of each defendant). In addition, the amount in controversy alleged does
10 not exceed the diversity-jurisdiction threshold of $75,000 (*i.e.*, the amount in
11 demand allegedly "does not exceed $10,000"). (Notice Ex. A at 1-2); see
12 28 U.S.C. §§ 1332, 1441(b). In any event, Defendant could not properly remove
13 the action on the basis of diversity jurisdiction because he resides in California, the
14 forum state. See 28 U.S.C. § 1441(b)(2).
15        Nor does Plaintiff's unlawful detainer action raise any federal legal question.
16 See 28 U.S.C. §§ 1331, 1441(b). Plaintiff alleges only a claim for post-foreclosure
17 unlawful detainer, a California state law action, Cal. Code Civ. P. § 1161a. See
18 Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)
19 ("[A California] unlawful detainer action does not arise under federal law.").
20 Although Defendant attempts to raise a federal question based on his defense
21 asserted in Plaintiff's unlawful detainer action (Notice at 2-3), removal jurisdiction
22 cannot be based upon a defendant's defenses or counterclaims. See Caterpillar Inc.
23 v. Williams, 482 U.S. at 393 ("[A] case may *not* be removed to federal court on the
24 basis of a federal defense"); see also Wescom Credit Union, 2010 WL 4916578 at
25 *2 (federal defense to unlawful detainer action provided by Protecting Tenants at
26 Foreclosure does not support federal question jurisdiction).
27 ///
28 ///

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Los Angeles County Superior Court, Chatsworth/North Valley District, 9425 Penfield Avenue #1200, Chatsworth, CA 91311, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 5/17/13

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATE MAGISTRATE JUDGE